IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OLU S. ADEFUMI, #17739-424**

    **Petitioner,**

vs.                                                          CIVIL NO. 11-cv-202-DRH

**JAMES CROSS,**

    **Respondent.**

# MEMORANDUM AND ORDER

**HERNDON, Cheif Judge:**

    Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of good conduct credit and expungement of a disciplinary ticket.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

**Facts:**

On April 17, 2010, a correctional officer performed a search of petitioner's cell. Under the locker closest to the sink, the officer found two rolled up pieces of toilet paper which contained the remains of what appeared to be marijuana cigarettes. The officer had the substance tested, and it in fact was marijuana. The officer reviewed the contents of the locker, and determined that based on the property inside that the locker belonged to petitioner. Because the substance was accessible to both inmates in the cell, the officer issued both inmates disciplinary tickets. However, the charges against petitioner's cellmate were later dropped, though no explanation was given to petitioner for this action.

Petitioner was then seen by a Disciplinary Hearing Officer (DHO), who determined that petitioner was guilty of Code #113, Possession of Marijuana. Petitioner lost 41 days of good time credit, 1 year of visitation privileges, 6 months of commissary privileges, and 6 months of phone privileges. Petitioner appealed this decision to an advisory board, which upheld the decision of the DHO. It is the loss of good time credit which petitioner seeks to have reinstated, as well as the cleansing of the offense from his record.

**Discussion:**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a

constitutionally protected liberty interest. *Id*. at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)(emphasis in original).

In this case, petitioner was charged with a violation of Code 113, "Possession of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff." 28 C.F.R. § 541.13, Table 3. The DHO identified no evidence suggesting that petitioner knew that there was marijuana under his locker. Instead, the DHO rested his finding on the notion that since the marijuana cannot be attributed to any single person, all individuals assigned to the cell have equal culpability. Thus, both petitioner and his cellmate were written tickets.[1]

Petitioner argues that this strict liability standard is not supported by the law. He argues that the definition of a crime embraces some requirement of mens rea, and points to case law in which the criminal definition of possession is discussed. *See United States v. Fox*, 845 F.2d 152, 156 (7th Cir. 1988); *United States v. Garret*,

---

[1] As stated above, the charges against petitioner's cellmate were later dropped for reasons unrelated to this petition.

3

903 F.2d 1105 (7th Cir. 1990); *United States v. Kitchen*, 57 F.3d 516 (7th Cir. 1995).

Petitioner has not been charged with a crime in this instance; he is charged with violating an administrative regulation, thus the criminal definition of possession is not at issue. As stated above, the Court must consider whether there was *any* evidence that could support the DHO's finding of guilt. The DHO reported that marijuana was found in petitioner's cell, and that because the marijuana was found under petitioner's locker, the DHO determined, and the advisory board concurred, that it supported a finding that the marijuana belonged to petitioner. Based on the lenient standard set out by the Seventh Circuit, this evidence supports the conclusion of guilt reached by both the DHO and the advisory board. It is plausible that because marijuana was found in petitioner's cell, under petitioner's locker, it *could* have belonged to Petitioner. This is enough to uphold the advisory board's decision. For this reason, this petition is dismissed with prejudice.

**Disposition:**

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** March 31, 2011

Digitally signed by David R. Herndon
Date: 2011.03.31 15:21:19 -05'00'

**Chief Judge**
**United States District Court**